# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## –Northern Division–

ROBERT L. CANDY ET AL.,

     *Plaintiff*

     –v–

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC. *et al.*,

     *Defendants.*

Case No. 1:18-CV-01549-MJG

## PLAINTIFFS' MOTION TO REMAND
## AND PRAYER FOR ATTORNEYS' FEES

Now Come the Plaintiffs, Robert Candy, Animal Park,Care & Rescue, Inc., and Tri-State Zoological Park of Western Maryland, Inc., by and through undersigned counsel, and file this Motion to Remand and Prayer for Attorneys' Fees, and states:

### Introduction

1.    The Plaintiffs filed a Complaint in the Circuit Court for Allegany County, Maryland, alleging various common law torts against the various Defendants.

2.    In that Complaint, contrary to statements made in the Defendants' Notice of Removal, at least two persons believed to be Maryland residents were named as Defendants as to all counts of the Complaint, Holly Brown and Casey Brown.

3.    In pleading the *ad damnum* portion of that Complaint, the Plaintiffs

followed Maryland Rule 2-305, Claims for Relief, recently revised to state as follows:

> A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought. Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000. ***Relief in the alternative or of several different types may be demanded.*** Cross reference: For pleading requirements and other procedures when attorneys' fees are claimed, see the Rules in Title 2, Chapter 700. Committee note: ***If the amount sought exceeds $75,000, a general statement to that effect is necessary in order to determine if the case may be removed to a federal court based on diversity of citizenship***. See 28 U.S. C.S. § 1332. A specific dollar amount must be given when the damages sought are less than or equal to $75,000 because the dollar amount is relevant to determining whether the amount is sufficient for circuit court jurisdiction or a jury trial. (Emphases added).

> Source: This Rule is derived in part from former Rules 301 c, 340 a, and 370 a 3 and the 1966 version of Fed. R. Civ. P. 8(a) and is in part new.

4.      The Defendant has filed a Notice of Removal claiming both that Casey Brown and Holly Brown were fraudulently joined as Defendants, and that the various counts of the Complaint must be aggregated and therefore the Plaintiffs' claims potentially rise above $75,000 as presently pled. For the reasons set forth below, both of those arguments are in error.

### The Ad Damnum Clauses in Plaintiffs' Complaint are drafted in the only logically coherent manner and cannot be read to indicate that all claims under all counts should be aggregated to total more than $75,000

5.      All of the claims raised in the removed Complaint arise from the same general set of facts, even though they are somewhat collateral to the Endangered Species Act claim that PETA also has brought in this Court. The

allegations are that PETA, through various agents, engaged in numerous trespasses and also made numerous defamatory statements arising out of information obtained (and mischaracterized) during the various trespasses at Plaintiffs' facility.

6.     The Complaint states at the end of each Count, as allowed by Maryland Rule 2-305, that the Plaintiffs are seeking $74,500 in damages, jointly and severally against all Defendants.

7.     The term "joint and several" cannot be read in the manner urged by Defendants. "Joint and several" is a term of art that means that in the event of an adverse judgment against several defendants, each of those defendants would be liable for the entire amount of damages as an individual, but also would be jointly liable with the other culpable defendants. The Defendants want to attribute a meaning to this term that is simply not accurate. To accept the Defendants' definition of the term would mean that a plaintiff would have to plead for some smaller amount of damages against each defendant and make the aggregate damages less than $75,000. That would mean that if the plaintiff recovered against only one defendant, the damages would be limited to some lesser amount required by the initial pleadings, such as, for example, $10,000 or $15,000, or whatever was alleged against that individual defendant. This would not even be a remote approximation of how "joint and several" liability is intended to function, and would lead to chaos in the pleading of damages.

8.     Furthermore, the argument that damages alleged under each count must be aggregated, would lead to equally strange results, with a plaintiff being

forced to reduce damages under each theory of recovery in order to avoid an aggregation that would push the total over $75,000.

9.      To the contrary, Rule 2-305 specifically provides that "***[r]elief in the alternative or of several different types may be demanded.***" However, if one were to do so and have various damages aggregated with the result that the total exceeded $75,000, then this would be a *prima facie* violation of Maryland Rule 2-305, which specifically states that damages over $75,000 must not be prayed in a specific dollar amount, but only with the general proviso that the plaintiff is seeking damages in excess of $75,000. The Defendants herein seem to be urging the Court to read the Plaintiffs' Complaint as having been drafted in intentional violation of the Rule, when in fact it was drafted in strict compliance and with an obvious intention to limit overall damages to $74,500.

10.      Certainly were a case with prayers for damages such as are set forth in the removed Complaint herein to proceed to trial and result in a favorable result on all counts for the Plaintiff, no court would read the *ad damnum* prayer as allowing an aggregation of damages to exceed the highest amount prayed under any one count, especially given that by expressly setting forth the number $74,500, the Plaintiff is directly representing to the Circuit Court that the Complaint is intended to be non-removable by limiting its claim for damages to less than what is required for diversity jurisdiction. This is exactly what the Rules Committee intended when it wrote the new Rule 2-305, as the Committee Note states: "If the amount sought exceeds $75,000, a ***general statement to that effect***

4

*is necessary in order to determine if the case may be removed to a federal court based on diversity of citizenship*. See 28 U.S. C.S. § 1332." (Emphasis added). Barring such a general statement having been made by the Plaintiffs in the body of the Complaint, a Maryland Circuit Court is not even permitted to construe the Complaint as seeking damages in excess of that required for diversity jurisdiction by this Court, and would be bound by that statement at trial, subject of course to the possibility of later amendment. The Maryland courts, in other words, have expressly stated that a complaint lacking such a general statement of damages sought in excess of $75,000, shall not be read to the contrary and shall not give rise to a cause of action such that diversity jurisdiction is invoked.

11.     As the amount in controversy is beneath the threshold that triggers removal under Federal Diversity jurisdiction, then the Plaintiff's case should be remanded to the Circuit Court for Allegany County, Maryland, where it was originally filed.

## The Browns are bona fide Defendants

12.     Because the Browns have not been served and have not filed any pleadings in this case, one can only guess at whether they as Defendants would prefer to have the case tried in Allegany County or in this Court. However, the Defendants put the cart before the horse in maintaining that there is fraudulent joinder of the Browns as Defendants.

13.     It is alleged in the Complaint that the Browns traveled to Cumberland at the request of PETA, thereby becoming agents for PETA, and in

so doing, took photographs while trespassing on the premises. They are alleged to have entered despite a clear sign that informs persons working for animal rights groups that they must identify themselves to zoo staff.

14.     The Browns then related the illegally and/or fraudulently obtained imagery, reports, and audio recordings to PETA, knowing and intending that it would be used to cause injury to the Plaintiffs. This is what gives rise to the claims of civil conspiracy against them, as well as the claims of false light.

15.     If the Browns wish to argue that they are not appropriate Defendants in this case,[1] they should do so in the Allegany Circuit Court upon a Motion to Dismiss, rather than asking that this Court make a conclusory determination that a Maryland Circuit Court would dismiss the Browns as Defendants prior to allowing discovery, and without allowing leave to amend the pleadings if the Complaint were to be found defective by the Circuit Court as a matter of law. The fraudulent joinder claim raised here is really just a Motion to Dismiss in disguise, and is best left to the Circuit Court for Allegany County if it should choose to do so. If such a proceeding were to be successful in the Circuit Court, and if the Defendants could also overcome the ad damnum issues presented, then perhaps this case would then be ripe for removal, but the

---

[1] It is not known what the Browns want, as it appears that only PETA removed this Complaint to the United States District Court, and it is not even known if the Browns are aware of the lawsuit. They certainly have not been served with the lawsuit. It would seem inequitable to force the other Defendants into Federal jurisdiction, if they are unaware of the suit and therefore unaware of the issue of consent to removal and are unable to be heard on this matter.

Defendants have made no showing that either the damages or diversity elements presented justify removal of the Complaint in this case.

<u>CONCLUSION</u>

It is not at all surprising that a widely unpopular and controversial Defendant such as PETA would desperately desire to avoid a trial before a rural jury in Allegany County. However, no matter how fervent that desire, it does not entitle this Defendant to removal.

The removed Complaint does not meet the requirements for removal under diversity jurisdiction, because the damages are properly prayed as less than $75,000, and because there are at least two valid Maryland Defendants in the case.

A proposed Order is attached.

WHEREFORE, the Plaintiff prays:

A. That this Court grant the Plaintiff's Motion for Remand and remand this action to the Circuit Court for Allegany County, Maryland;

B. That this Court grant the Plaintiff attorneys' fees in the amount of $250 per hour for a total of 4 hours, or $1000.00, for reading the documents filed by the Defendants and researching, drafting, and filing this response.

Respectfully Submitted,


____s/Nevin L. Young_____
Nevin L. Young
Fed Bar. ID No. 28604
170 West Street
Annapolis Maryland 21401
410-353-9210
nyoung@burlingtonyounglaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2018, I served this Motion to Remand and for Attorneys' Fees upon the counsel and/or parties set forth below, with all counsel having agreed to service by electronic means, upon:

Conor B. O'Croinin, Esquire
Zuckerman Spaeder, LLP
100 East Pratt Street, 24th Floor
Baltimore MD 21202

Marcos Hasbun, Esquire
Justin Cochran, Esquire
101 East Kennedy Blvd.
Tampa Florida 33602

Martina Bernstein, Esquire
Zeynep Graves, Esquire
Caitlin Hawks, Esquire
PETA Legal Foundation
2154 West Sunset Blvd.
Los Angeles, California 90026


____s/Nevin L. Young_____
            Nevin L. Young