# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT CANDY et al., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 8:18-cv-1549-PX |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | * | |
| | * | |
| Defendants | | |

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' motion to remand this action to the Circuit Court for Allegany County, Maryland. ECF No. 11. The motion is fully briefed and the Court rules under Local Rule 105.6 because no hearing is necessary. For the reasons that follow, the Court grants the motion and remands this case to Allegany County Circuit Court for all further proceedings.

### I. BACKGROUND

Plaintiffs Robert Candy, Animal Park, Care & Rescue, Inc. and Tri-State Zoological Park of Western Maryland, Inc. operate a small zoo in Cumberland, Maryland. ECF No. 2 ¶ 12. According to Plaintiffs, People for the Ethical Treatment of Animals, Inc. ("PETA") began targeting the zoo in 2014 for the zoo's alleged mistreatment of the animals. *Id.* ¶¶ 11, 14. PETA has sent agents to the zoo to photograph and record surreptitiously the animals and their habitats. *Id.* ¶ 15. To gain entry to the zoo, certain PETA agents affirmatively denied their affiliation with PETA to zoo personnel. Others, including named Defendants Holly Brown and Casey Brown ("the Brown sisters"), entered the zoo without first identifying themselves as PETA affiliates, in violation of the zoo's requirements as posted at the zoo's entrance. ECF No. 11 ¶¶ 13-14. PETA

subsequently published at least one photograph of the zoo's conditions that the Brown sisters had taken. ECF No. 2 ¶ 30. Additionally, PETA has alleged mistreatment of the zoo animals on its website, social media platforms, and email lists, documenting the conditions in part by its unauthorized entry onto zoo grounds. ¶¶ 35, 37. PETA also filed complaints in the Department of Agriculture and before this Court. *Id.* ¶ 27; *People for the Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of Western Md., Inc. et al.*, No. PX-17-2148, 2018 WL 434229 (D. Md. Jan. 16, 2018).

On May 23, 2018, Plaintiffs filed this lawsuit in the Allegany County Circuit Court against PETA and its agents for defamation, false light, tortious interference with business relations/prospective advantage, civil conspiracy, trespass, and fraud. ECF No. 2 ¶¶ 47–69. Plaintiffs claimed damages of $74,500 for each count. *Id.* The Defendants thereafter removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. §1332(a). ECF No. 1 ¶ 12.

On June 20, 2018, Plaintiffs moved to remand this action to the Allegany County Circuit Court and requested attorneys' fees for their efforts. ECF No. 11. Plaintiffs noted that the parties are not completely diverse because Plaintiffs and at least two named Defendants, the Brown sisters, are all citizens of Maryland. *Id.* ¶ 2. PETA does not contest that Plaintiffs and the Brown sisters are Maryland citizens, but rather contends that the Brown sisters were "added solely as a means to defeat diversity jurisdiction." *Id.* ¶ 28. It is undisputed that all remaining Defendants are citizens of states other than Maryland. ECF No. 1 ¶¶ 20–25. Accordingly, if the Court agrees that the Brown sisters have been fraudulently joined, and if the amount in controversy is met, then the action must not be remanded. For the following reasons, the Court GRANTS the motion to remand.

## II. STANDARD OF REVIEW

This Court is one of limited jurisdiction, authorized to hear civil cases giving rise to a federal question or brought pursuant to the Court's diversity jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Diversity jurisdiction is proper where the amount in controversy exceeds $75,000 and complete diversity exists such that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (2015). Where diversity jurisdiction is proper, a defendant may remove the case to federal court pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151; *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."). The defendant, as removing party, bears the burden of "demonstrating the court's jurisdiction over the matter." *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

## III. ANALYSIS

Defendants principally contend that diversity jurisdiction exists because Plaintiffs have fraudulently joined the Brown sisters for the sole purpose of defeating diversity. ECF No. 11 ¶ 28. Where defendants are joined fraudulently, district courts "can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants." *Weidman v. Exxon Mobile Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (internal quotation marks omitted) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). The party seeking to establish fraudulent joinder

must demonstrate "either that the plaintiff committed outright fraud in pleading jurisdictional facts, or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Weidman*, 776 F.3d at 218 (internal quotation marks omitted) (quoting *Mayes*, 198 F.3d at 464).

Importantly, the lens through which the Court considers the question of fraudulent joinder "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The plaintiff "must show only a 'glimmer of hope'" of success on claims brought against non-diverse defendants. *Johnson*, 781 F.3d at 704 (quoting *Mayes*, 198 F.3d at 466). Moreover, the Court may consider the entire record, with all factual and legal disputes resolved in the plaintiff's favor. *Mayes*, 198 F.3d at 464; *see also Johnson*, 781 F.3d at 704.

PETA asserts, as it must, that Plaintiffs could never establish the Brown sisters' liability on any of the claims. ECF No. 12 at 2. PETA's argument is unavailing as to the trespass claims against the Brown sisters. *Id.* at 6. A civil trespass is "an intentional or negligent intrusion upon or to the possessory interest in property of another." *Litz v. Md. Dep't of Env't*, 446 Md. 254, 276–77 (2016) (quoting *Schuman v. Greenbelt Homes, Inc.*, 212 Md. App. 451, 475 (2013). Based on the Complaint, the Plaintiffs have plausibly averred a trespass claim as to the Brown sisters. *See* ECF No. 2 ¶ 27.

PETA contends, however, that the zoo's "consent" to entry is a complete defense to trespass and so defeats the claim as a matter of law. ECF No. 12 at 6. PETA is correct only if the Brown sisters' entry did not exceed the scope of the zoo's consent. *See Mitchell v. Balt. Sun Co.*, 164 Md. App. 497, 508 (2005). Put plainly, where a business invites individuals onto its

4

premises for the purpose of providing goods or services, it cannot then claim such individuals have trespassed. *See Wells v. Polland*, 120 Md. App. 699, 710 (1998) (premises liability); *see also Balt. Gas & Elec. Co. v. Flippo*, 348 Md. 680, 690 n.3 (1998) (noting the analytical similarities between premises liability and trespass actions).

However, Plaintiffs allege that the Brown sisters gained access to the zoo in contravention of the zoo's posted requirement that PETA affiliates identify themselves prior to entering the zoo. ECF No. 2 ¶ 13; ECF No. 11 ¶ 13. Under a favorable reading to Plaintiffs, the sign conditioned Plaintiffs' consent to entry upon the Brown sisters disclosing their affiliation with PETA. *See City of Annapolis v. Waterman*, 357 Md. 484, 522 (2000) (describing "no trespassing" signs as a "way[] to deny access to the public"); *Monroe v. State*, 51 Md. App. 661, 665 (1982) (holding, in the context of criminal trespass, that "[t]he use of the precise wording, 'No trespassing' or 'Trespassers forbidden' is not mandated"). Moreover, the "determination of whether consent was given is a question of fact" properly decided by a jury. *Royal Inv. Grp., LLC v. Wang*, 183 Md. App. 406, 445 (2008); *see also I & G Inv'rs, LLC v. Dunn*, No. JKS 12-1109, 2013 WL 5655703, at *3 (D. Md. Oct. 16, 2013). Without expressing an opinion on the likelihood of success, Plaintiffs have put forward sufficient facts to sustain "a glimmer of hope" that Maryland courts would find that the Brown sisters violated the terms of Plaintiffs' consent. *Johnson*, 781 F.3d at 704 (quoting *Mayes*, 198 F.3d at 466). Because the trespass claim remains heavily fact-driven, and Plaintiffs in the end may succeed against the Brown sisters on this claim, these Defendants are not fraudulently joined, and the parties are not completely diverse. This Court, therefore, lacks jurisdiction to hear the case and it must be remanded.[1]

The Court declines to award attorneys' fees to Plaintiffs because PETA did not act in an

---

[1] Because the Court finds that complete diversity is lacking, the Court need not reach whether the amount in controversy is met.

5

objectively unreasonable manner by removing the case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is granted. A separate Order follows.


September 7, 2018_____          ____/S/_____
Date                                      Paula Xinis
                                          United States District Judge